**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4109

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LARRY FRANKLIN PHILLIPS, a/k/a Shag,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (CR-02-104)

Submitted:  February 25, 2005          Decided:  March 29, 2005

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David G. Belser, BELSER & PARKE, P.A., Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Larry Franklin Phillips appeals his conviction after a jury trial of one count of conspiracy to possess with intent to distribute at least 1.5 kilograms of methamphetamine, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2004), and his sentence of life imprisonment. We affirm.

None of the arguments raised on appeal were presented to the district court; therefore, this court reviews only for plain error. In order to correct error not asserted in the district court, Phillips must establish "that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). Correction of plain error established by the appellant remains, however, in the court's discretion, which should only be exercised if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (quoting United States v. Young, 470 U.S. 1, 15 (1985)).

Phillips first argues that the Government violated his due process rights by presenting the false testimony of three co-defendants. Such a claim requires that Phillips establish that: "(1) the testimony was false; (2) the Government knew the testimony was false; and (3) there is a reasonable probability that the false testimony could have affected the verdict." United States v. Roane, 378 F.3d 382, 400 (4th Cir. 2004). Phillips asserts the

- 2 -

co-defendants' testimony was false because they testified to transactions that involved quantities of methamphetamine in excess of the quantities that they were held responsible for in their plea agreements.  Although he alleges the Government presented false testimony, he disclaims any allegation of a failure to disclose evidence or other personal misconduct on the part of the Assistant United States Attorney.  Our review of the record leads us to conclude that Phillips has not established that the trial testimony of the co-defendants was false, as the descriptions of drug quantities attributable to Phillips were corroborated by other witnesses.

In a related argument, Phillips asserts that the Government violated his due process and jury trial rights when it engaged in unconstitutional fact bargaining.  He asserts that "if the testimony of the co-defendants was in fact true, the state engaged in unconstitutional fact bargaining by significantly reducing the quantity of drugs attributable to those co-defendants who were willing to testify against the defendant."  He asserts that the Government also improperly offered to reduce the drug quantity for which he would be held responsible at sentencing if he agreed to plead guilty, but prosecuted him for the amount charged in the indictment when he rejected the plea offer.  We find this argument meritless.  The process of plea bargaining has long been accepted as legitimate.  Corbitt v. New Jersey, 439 U.S. 212,

218-19 (1978). Moreover, to the extent Phillips has standing to contest the Government's decisions to offer plea agreements with favorable terms to his co-defendants, the Supreme Court has accorded wide discretion to prosecutors in reaching precisely these types of decisions. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Phillips does not allege any improper motives in the Government's decision making with regard to plea offers in his case, and our review of the record leads us to conclude that the Government acted properly in its negotiations with Phillips and his co-defendants.

In his remaining assertions of error, Phillips attacks his life sentence. He does not contest that he was in fact previously convicted of two felony drug offenses, or that those convictions qualified to enhance his sentence to a mandatory life term under 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2004). Phillips first argues that his mandatory life sentence violates the separation of powers doctrine because the statutory provision mandating a life sentence removes discretion from the sentencing judge and transfers that discretion to the prosecutor.

To the extent Phillips seeks to challenge recent changes enacted by Congress to the composition of the Sentencing Commission, he cannot demonstrate any prejudice attributable to this change. Although the district court calculated the applicable range under the sentencing guidelines, it is undisputed that

- 4 -

Phillips's sentence was determined based upon straightforward application of the terms of a statute to the facts of Phillips's instant conviction and his two prior felony drug offense convictions. As his sentence was not determined under the sentencing guidelines, the makeup of the Sentencing Commission is irrelevant to Phillips's sentence. We also conclude that Phillips's case does not present a legitimate separation of powers issue. Phillips was sentenced in compliance with specific statutory language. In light of the broad discretion accorded prosecutors recognized by the Supreme Court in Bordenkircher, Phillips cannot establish any constitutional infirmity in the mandatory minimum provisions of § 841(b). Although the Supreme Court has recognized criticisms of mandatory minimum sentencing provisions, it has not held them unconstitutional. Harris v. United States, 536 U.S. 545, 568-69 (2002).

Phillips next asserts that his sentence is cruel and unusual punishment in violation of the Eighth Amendment. In considering this argument, we apply the three-part test of Solem v. Helm, 463 U.S. 277 (1983), which examines: "(1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions." United States v. Kratsas, 45 F.3d 63, 66 (4th Cir. 1995). We conclude that Phillips's life sentence is not constitutionally

disproportionate. First, his offense is extremely serious. Phillips was not just a drug user, but a dealer who sold what can only be described as massive quantities of methamphetamine over several years to many different people. Also, Phillips is a repeat drug offender. Applying the second prong of <u>Solem</u>, this court has concluded that "it is clear that a life sentence for a major drug violation is not disproportionate in comparison with other sentences mandated by the Guidelines and other drug statutes." <u>Kratsas</u>, 45 F.3d at 68. Finally, applying the third prong reveals similarly lengthy state penalties for crimes involving the significant quantity of methamphetamine charged in Phillips's indictment and found by the jury. <u>See</u> N.C. Gen. Stat. § 90-95(h)(3b)(c) (2003) (range of 225 to 279 months imprisonment for 400 grams or more of methamphetamine); S.C. Code Ann. § 44-53-375(C)(5) (Law. Co-op. 2002) (twenty-five to thirty years imprisonment, mandatory minimum of twenty-five years without parole for 400 grams or more); Va. Code Ann. § 18.2-248(H)(5) (Michie 2004) (twenty years to life with mandatory minimum of twenty years for 200 grams or more).

Phillips's final argument is that his mandatory life sentence violates his due process rights. He specifically asserts that "where a statute dictates life imprisonment such a sentence cannot be consistent with due process without an individualized determination of whether the defendant's conduct and criminal

history justify such a sentence."  We have squarely rejected this argument in prior cases involving sentences virtually identical to Phillips's.  <u>Kratsas</u>, 45 F.3d at 69; <u>United States v. D'Anjou</u>, 16 F.3d 604, 613-14 (4th Cir. 1994).

Accordingly, we affirm Phillips's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>